HENRY WARREN, *in Error, versus* PHILIP H. COOMBS.

Error does not lie to reverse a judgment rendered on an agreed statement of facts; nor where the facts proved before the jury are reported by the judge, unless for an error disclosed by the record which will not be cured by a verdict.

No writ of error lies to examine a question of fact depending upon the evidence in the original suit, nor to examine mixed questions of law and fact.

REPORTED by APPLETON, J.

This is a proceeding in ERROR, to reverse the judgment of this court, in a suit in which Philip H. Coombs was plaintiff, and the said Warren defendant, under the provisions of the act of 1852, ch. 269, wherein the said Warren alleges that in the process, proceedings and judgment had before said court, at Bangor, aforesaid, at the January term of 1853, wherein said Coombs was plaintiff and said Warren defendant, there occurred the errors hereinafter specified, by which the plaintiff was injured, and for which he therefore seeks that said judgment may be reversed, recalled or corrected, as law and justice may require; that is to say, the following errors, namely:—For that the court, in their opinion at law upon the facts of said case, gave judgment to said plaintiff, for the reason that the case, as made up upon report, which did not show that the said Philip Coombs, to whom said land was taxed in 1839, was in possession of said land, and said Warren claiming title by virtue of a tax title inuring under an assessment to said Philip, of said land, in 1839, and although the case showed that the same premises were taxed to said Coombs in 1838, and for several next preceding years, and it not ap-

pearing that any notice had been given to change the same, by virtue of a statute then existing, which is now in force in R. S., ch. 14, s. 54, which said statute the court over-looked.

For that the court in said case gave judgment against said Warren, because said P. Coombs was not in possession of said premises demanded in 1839, to whom they were as-sessed, notwithstanding the land did not require such a pos-session, the court overlooking a statute then in force, to the effect that no such possession was required, for that said Philip Coombs was in actual possession of said demanded premises in the year 1839, and when assessed to him that year, and said fact was so testified to by the witness, Japheth Gilman, whose testimony to that effect is omitted from the report of testimony of the case, as reported by the presiding judge, was by an oversight or mistake, which was uninten-tional, and should be corrected.

The defendant in error pleads in *nullo est erratum.*

The plaintiff in error offered the report in the original suit, Coombs v. Warren, as signed by the presiding justice, TENNEY; the record and proceedings therein including the case *Coombs* v. *Warren,* 34 Maine R., 89, embracing the opinion of the court and the judgment thereupon, and it ap-peared that "the assessments of taxes for the years 1837, 1838, and 1839," mentioned in such report, were made to Philip Coombs, in each of these years.

*Howard & Strout,* counsel for the plaintiff.

*Fessenden* and *Garnsey,* counsel for the defendant.

RICE, J. Error does not lie on a judgment rendered on an agreed statement of facts, submitted by the parties for the opinion and decision of the court. *Alfred* v. *Saco,* 7 Mass. R., 380; *Carroll* v. *Richardson,* 9 Mass. R., 329; *Gray* v. *Storer,* 10 Mass. R., 163. Nor where the facts proved before the jury are reported by the judge. *Johnson* v. *Shed,* 21 Pick. R., 225. Unless it be for an error disclosed by the

7

record, which will not be cured by verdict.  Smith v. Morse, 6 Maine R., 275.

No writ of error lies to examine a question of fact depending upon the evidence produced in the original suit, nor to re-examine a mixed question of law and fact.  Campbell v. Patterson, 7 Vt. R., 86.

. The plaintiff in error desires to re-examine the evidence produced in the original action, and to revise the decision of the court in that case as rendered upon the report of the presiding judge, on the ground that the court came to an erroneous conclusion upon that evidence.  To do so would establish a rule by which every judgment rendered by the court, within the statute of limitations, would be open to examination on a writ of error, by the party thinking himself aggrieved by the decision of the court or jury.  This will not do.  There must be some end to litigation.

<em>Judgment affirmed.</em>

CUTTING, J., having been counsel in the original action, did not sit at the hearing.